PHILLIP A. TALBERT
United States Attorney
CHRISTOPHER S. HALES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW M. PIERCEY,<br><br>Defendant. | CASE NO. 2:20-CR-0211-TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: January 5, 2023<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 5, 2023.

2. By this stipulation, defendant now moves to continue the status conference until March 9, 2023, at 9:30 a.m., and to exclude time between January 5, 2023, and March 9, 2023, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has produced over 260,000 pages of bates-stamped discovery, including investigative reports, bank and financial records, phone records, emails, and related documents in electronic form. The government has also made additional discovery available for inspection and copying and has provided copies of eleven electronic devices to defense counsel

containing approximately 3 terabytes of data. In addition, the government executed a post-indictment search warrant on a storage locker and has made the materials seized in that warrant available to the defense for inspection and copying, including numerous electronic devices totaling over 10 terabytes of data. The government has also provided defense counsel with an index to assist with the defense's ongoing review of extensive bank records included in the Bates-stamped discovery.

  b) The parties are continuing negotiations regarding potential resolution of this case. Counsel for defendant desires additional time to consult with his client, review the current charges, conduct investigation and research related to the charges, to and continue to review the over 260,000 pages of discovery and terabytes of data made available by the government, to review and copy discovery for this matter, to discuss potential resolutions with his client, and to otherwise prepare for trial. Among other things, defendant continues to review the extensive discovery in this case with the assistance of a paralegal, and defense counsel is researching legal and factual issues that bear upon both plea negotiations and defensive strategies for this case. Defense counsel has also been preparing for a trial that was set for December 2022, but was recently continued to an unspecified date in early 2023, such that defense counsel is still continuing to prepare for that other trial.

  c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d) The government does not object to the continuance.

  e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 5, 2023 to March 9, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of

the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 19, 2022         PHILLIP A. TALBERT
                                  United States Attorney

                                  /s/ CHRISTOPHER S. HALES
                                  CHRISTOPHER S. HALES
                                  Assistant United States Attorney

Dated:  December 19, 2022         /s/ DAVID FISCHER
                                  DAVID FISCHER
                                  Counsel for Defendant
                                  MATTHEW M. PIERCEY

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 19th day of December, 2022.

                                  Troy L. Nunley
                                  United States District Judge