PHILLIP A. TALBERT
United States Attorney
CHRISTOPHER S. HALES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-0211-TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| MATTHEW M. PIERCEY, | DATE: March 9, 2023 |
| Defendant. | TIME: 9:30 a.m. |
| | COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 9, 2023.

2. By this stipulation, defendant now moves to continue the status conference until May 18, 2023, at 9:30 a.m., and to exclude time between March 9, 2023, and May 18, 2023, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has produced over 260,000 pages of bates-stamped discovery, including investigative reports, bank and financial records, phone records, emails, and related documents in electronic form. The government has also made additional discovery available for inspection and copying and has provided copies of eleven electronic devices to defense counsel

containing approximately 3 terabytes of data.  In addition, the government executed a post-indictment search warrant on a storage locker and has made the materials seized in that warrant available to the defense for inspection and copying, including numerous electronic devices totaling over 10 terabytes of data.  The government has also provided defense counsel with an index to assist with the defense's ongoing review of extensive bank records included in the Bates-stamped discovery.

        b)        The parties are continuing negotiations regarding potential resolution of this case.  Counsel for defendant desires additional time to consult with his client, review the current charges, conduct investigation and research related to the charges, to and continue to review the over 260,000 pages of discovery and terabytes of data made available by the government, to review and copy discovery for this matter, to discuss potential resolutions with his client, and to otherwise prepare for trial.  Among other things, defendant continues to review the extensive discovery in this case with the assistance of a paralegal, and defense counsel is researching legal and factual issues that bear upon both plea negotiations and defensive strategies for this case.  Defense counsel is furthermore unavailable on March 9, 2023, because he will be in a multi-week trial in *United States v. Beland, et al.* 2:19-CR-21 WBS that starts on March 7, 2023, for which he has been preparing for several weeks.  In addition, defense counsel commences another federal criminal trial in *United States v. Saintillus*, 2:20-CR-00213-KJM on April 25, 2023.

        c)        The government does not object to the continuance.

        d)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        e)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 9, 2023 to May 18, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 2, 2023                           PHILLIP A. TALBERT
                                                United States Attorney

                                                /s/ CHRISTOPHER S. HALES
                                                CHRISTOPHER S. HALES
                                                Assistant United States Attorney

Dated:  March 2, 2023                           /s/ DAVID FISCHER
                                                DAVID FISCHER
                                                Counsel for Defendant
                                                MATTHEW M. PIERCEY

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 2nd day of March, 2023.

                                                _____
                                                Troy L. Nunley
                                                United States District Judge