PHILLIP A. TALBERT
United States Attorney
MATTHEW THUESEN
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MATTHEW M. PIERCEY,

        Defendant.

2:20-CR-00211-TLN

STIPULATION AND ORDER RE
INTERLOCUTORY SALE OF
REAL PROPERTY

     The United States of America and defendant Matthew M. Piercey, through their counsel of record, hereby agree and stipulate as follows:

     1.     On November 12, 2020, a grand jury in this district indicted defendant Matthew M. Piercey, charging him with: Counts One through Twenty-Five: Wire Fraud, in violation of 18 U.S.C. § 1343; Count Twenty-Six: Mail Fraud, in violation of 18 U.S.C. § 1341; Counts Twenty-Seven through Twenty-Nine: Witness Tampering, in violation of 18 U.S.C. § 1512(b)(2)(A); and Counts Thirty and Thirty-One: Concealment Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  The Indictment also contained a general forfeiture allegation.  A Bill of Particulars filed August 17, 2021, gave notice that upon defendant Matthew M. Piercey's conviction, certain property would be subject to forfeiture to the United States, including the following:

        a.     Real property located at 8754 Hufford Way, Millville, California, Shasta County, APN: 060-580-004-000 (hereafter the "real property").

1

2.      Family Wealth Legacy Investments, LP is the recorded owner of the real property more fully described as follows:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF SHASTA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:
>
> LOT 4 OF TRACT NO. 1404, HUFFORD RANCHETTES IN THE COUNTY OF SHASTA, STATE OF CALIFORNIA, ACCORDING TO THE MAP THEREOF FILED NOVEMBER 17, 1975, IN BOOK 14 OF MAPS AT PAGE 89, SHASTA COUNTY RECORDS.

Matthew M. Piercey was/is the President, Principal, and Registered Agent for Family Wealth Legacy Investments, LP.

3.      The parties stipulate that based on the information they have; no other persons or entities are believed to have an interest in the real property.[1]

4.      The parties agree and hereby stipulate that an order should be entered granting an interlocutory sale of the real property as follows:

    a.      The real property located at 8754 Hufford Way, Millville, California, Shasta County, APN: 060-580-004-000 will be marketed and sold by the U.S. Marshals Service or its designee, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. The U.S. Marshals Service shall review the preliminary title for the property and resolve all encumbrances and ownership claims prior to, or while in escrow, the sale of the real property.

5.      The net proceeds from the sale of the real property will include all money realized from the sale of the real property, except for the following:

    a.      Real estate commissions;
    b.      Amounts due to the holder of any valid lien which was recorded prior to the time the United States' *Lis Pendens* was recorded;
    c.      Real estate property taxes which are due and owing;
    d.      Insurance costs, if any;
    e.      Title fees;
    f.      HOA fees, if any;
    g.      Escrow fees and expenses; and
    h.      County transfer taxes.

6.      All of the net proceeds from the sale of the real property shall be deposited in the Seized

---

[1] To the extent the preliminary title report identifies an interest or encumbrance not presently known to the parties, the U.S. Marshals will resolve those items pursuant to paragraphs 4 and 5, and only pass clear title to the ultimate buyer.

Asset Deposit Fund by the U.S. Marshals Service.  Said proceeds will be substituted as the *res* in this action and held pending further order of the Court.

7.      The United States agrees to execute a Notice of Withdrawal of Lis Pendens against the above-described real property in connection with the above-entitled action, if necessary.

8.      Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the Title/Escrow Company.

9.      All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the forfeiture and/or sale of the real property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and/or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

10.     The parties understand that the U.S. Marshals Service shall take custody of the defendant property and maintain it in the same condition and repair as existed on the date of the Court's filing of this Order, normal wear and tear excepted, until its custody, control, and responsibility have ceased upon the sale of the property.  The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; and keeping the property in good condition by providing ordinary and necessary items of routine maintenance.  The U.S. Marshals Service shall prepare the property for sale and complete any repairs and/or maintenance items that it deems reasonable to best market the property and maximize the sales price.

11.     If the defendant property lacks insurance coverage, the U.S. Marshals Service shall place and maintain insurance policies for the real property, including hazard insurance to cover all buildings and other improvements that are now located on the property until the interlocutory sale is completed.

12.     Except as specifically provided herein, defendant Matthew M. Piercey shall not convey,

transfer, encumber, lien, or otherwise pledge the real property without the prior, written approval of the

United States.

        13.     All parties are to bear their own costs and attorneys' fees.

        14.     The Court shall maintain jurisdiction to enforce the terms of the Stipulation and Order

Regarding Interlocutory Sale of Real Property.

      IT IS SO STIPULATED

Dated: <u>7/1/2024</u>

                                     PHILLIP A. TALBERT
                                     United States Attorney

                         By:    <u>/s/ Kevin C. Khasigian</u>
                                     MATTHEW THUESEN
                                     KEVIN C. KHASIGIAN
                                     Assistant U.S. Attorneys

Dated: <u>7/1/2024</u>

                                     <u>/s/ Matthew M. Piercey</u>
                                     MATTHEW M. PIERCEY
                                     Defendant in his individual capacity and
                                     as the President, Principal, and Registered Agent for
                                     Family Wealth Legacy Investments, LP
                                     (Signatures retained by attorney)

ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                      )
                                        )
County of <u>Kern</u>                    )

On <u>7/1/2024</u>, before me, <u>A. DEANDA</u>, Notary Public, personally appeared <u>MATTHEW M. PIERCEY</u>, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature <u>/s/ A. Deanda</u>

> A. DEANDA
> Notary Public – California
> Kern County
> Commission # 2372600
> My Comm. Expires Aug 28, 2025

4

1  Dated:  7/8/2024                                    /s/ David D. Fischer
                                                       DAVID D. FISCHER
2                                                      Attorney for Defendant
                                                       (Signature retained by attorney)
3

4
                        **ORDER FOR INTERLOCUTORY SALE**
5
         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
6
         1.      The stipulation re interlocutory sale of the real property is granted.
7
         2.      The real property located at 8754 Hufford Way, Millville, California, Shasta County,
8
   APN: 060-580-004-000, and more fully described above in paragraph 2, will be sold pursuant to the
9
   terms set forth above.
10
         3.      The net proceeds from the sale of the real property will be substituted as the *res* herein and
11
   held by the U.S. Marshals Service, pending further order of the Court.
12
         IT IS SO ORDERED.
13
   Date:  July 10, 2024
14

15

16

17                                                     Troy L. Nunley
                                                       United States District Judge
18